# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CONNIE KWOK, | Case No.: 2:09-cv-2298-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#7, Motion for Leave to File an Amended Motion to Dismiss–#32) |
| RECONTRUST COMPANY, N.A.; BANK OF AMERICA; BAC HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Defendants. | |

   Before the Court is Defendants Recontrust Company; Bank of America, and BAC Home Loans Servicing, LP's **Motion to Dismiss** (#7), filed December 10, 2009, which Mortgage Electronic Registration Systems ("MERS") joined (#12) on December 30, 2009. The Court has also considered Plaintiff Connie Kwok's Opposition (#21), filed January 25, 2010, and Defendants' Reply (#23), filed February 4, 2010.

   Also before the Court is Defendants' **Motion for Leave to File an Amended Motion to Dismiss** (#32), filed June 9, 2010.

/

1

AO 72
(Rev. 8/82)

**BACKGROUND**

In September 1997, Connie Kwok purchased the property located at 8466 Willow Mist Drive in Las Vegas, Nevada. (Dkt. #1, Pet. for Removal Ex. A., Compl.) Sometime thereafter, Kwok refinanced her mortgage loan with Countrywide Home Loans, which is now Bank of America. When Kwok defaulted on her mortgage loan in February 2009, Defendants instituted foreclosure proceedings on the property. A notice of default and election to sell was recorded against the property on June 24, 2009. When Kwok did not cure the deficiency, a notice of trustee sale was recorded on October 2, 2009.

On October 21, 2009, Kwok filed suit against Defendants in the Eighth Judicial District Court of the State of Nevada alleging: (1) misrepresentation and fraud by omission, (2) quiet title, (3) contractual breach of duty of good faith and fair dealing, (4) tortious breach of duty of good faith and fair dealing, (5) civil conspiracy, (6) civil RICO and racketeering, (7) unjust enrichment, (8) conspiracy to commit fraud related to the MERS system, (9) fraud by obtaining signature by false pretenses, (10) injunctive relief, and (11) declaratory relief. On December 3, Defendants removed the lawsuit to this Court. One week later, Defendants filed a Motion to Dismiss (#7) for failure to state a claim upon which relief can be granted.

In late 2009, the United States Judicial Panel on Multi-District Litigation ("Panel") consolidated numerous cases in which plaintiffs allege that MERS engaged in improper business practices when processing home loans. *In re: MERS Litigation*, MDL No. 09-2119-JAT ("MERS MDL"). The Panel assigned Judge Teilborg in the District of Arizona to oversee the MERS MDL. The Panel later add numerous cases from the District of Nevada to the MERS MDL, including the case at bar, but only as to those individual claims that "relate to the formation and/or operation of MERS." *Id.* The Panel further indicated that Judge Teilborg would separate and remand any unrelated claims back to the original district court. (Dkt. #24, Conditional Transfer Order, Feb. 16, 2010.) In the interim, this Court stayed all proceedings. (Dkt. #26, Order, Mar. 1, 2010.) On May 17, 2010, Judge Teilborg remanded various claims to this Court. (Dkt. #28, MDL Order.)

**DISCUSSION**

**I.    Defendants' Motion for Leave to an Amended Motion to Dismiss**

On June 2, 2010, the Court informed the parties it would proceed to consider any motion that was pending before the proceedings were stayed. (Dkt. #30, Notice.) The Court also stated, "If a party has since discovered any significant new information that is relevant for the Court's consideration of any pending motion(s), they may before June 9, 2010, request leave to supplement the moving papers." Defendants requested leave to amend their Motion to Dismiss. (Dkt. #32, Defs.' Mot., Jun. 9, 2010.) However, Defendants' proposed amended motion provides no new information to the Court. Instead, Defendants have essentially edited the original motion to remove sections related to claims which remain with the MERS MDL. Because Defendants' proposed amended motion makes the same arguments and asks for the same relief on Kwok's remanded claims as their previous motion, the Court finds that granting Defendants' Motion for Leave will not serve judicial economy. Defendants' Motion for Leave is therefore denied. Accordingly, the Court will now consider Defendants' original Motion to Dismiss (#7), which was ripe for adjudication before the proceedings were stayed. For the reasons discussed below, the Court grants Defendants' Motion to Dismiss.

**II.   Defendants' Motion to Dismiss**

In this case, Judge Teilborg expressly remanded Kwok's fourth claim for tortious breach of the implied duty of good faith and fair dealing. (Dkt. #30, MDL Order (stating claims 1–3 and 5–9 remain with the MERS MDL, while remanding claim 4).) The MDL Order did not discuss Kwok's tenth claim for declaratory relief or eleventh claim for injunctive relief; however, Judge Teilborg indicated claims for declaratory and injunctive relief were remanded to the extent they applied to other remanded claims. As a result, the Court will evaluate Kwok's claim for tortious breach of the implied duty of good faith and fair dealing and the availability of declaratory and injunctive relief thereto.

/

### A.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

### 1.     Tortious Breach of the Implied Duty of Good Faith and Fair Dealing

As a general rule, breach of the implied covenant of good faith and fair dealing is a contract claim. *See A.C. Shaw Constr., Inc. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989).

AO 72
(Rev. 8/82)

1  However, an exception exists for a tortious breach of the implied covenant of good faith and fair
2  dealing when a plaintiff shows a special element of either reliance or fiduciary duty because the
3  defendant was in a superior or entrusted position. *Id.* at 10. Tort liability for breach of the good
4  faith covenant is limited to "rare and exceptional cases," *K Mart Corp. v. Ponsock*, 732 P.2d 1364,
5  1370 (Nev. 1987), and is appropriate where "the party in the superior or entrusted position" has
6  engaged in "grievous and perfidious misconduct." *Great Am. Ins. Co.*, 934 P.2d at 263.

7  Kwok's claim fails because she has not plausibly alleged a special element of
8  reliance or fiduciary duty. Kwok alleges Defendants had a fiduciary duty, which included
9  responsibility for overseeing the loan and ensuring she received all legally required disclosures.
10 (Compl. ¶ 32.) However, courts have repeatedly held that a lender owes no fiduciary duties to a
11 borrower absent exceptional circumstances, such as when a special relationship exists between the
12 two parties. *Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F. Supp. 2d 1075, 1090
13 (D. Nev. 2004) (stating "the Court is satisfied that the Nevada Supreme Court would hold that an
14 arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional
15 circumstances"), *aff'd in relevant part by Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865
16 (9th Cir. 2007). Kwok's allegations represent a typical lender-borrower relationship and do no
17 more than label Defendants' role as fiduciary without stating sufficient factual matter to survive
18 Defendants' motion to dismiss. In addition, Kwok fails to state any fact to suggest a special
19 element of reliance except for her conclusion that she "reasonably relied upon the good faith [of]
20 the agents who transacted Plaintiff's loan." (Compl. ¶ 31.) These vague allegations together with
21 these well-settled legal principles do not permit the Court to reasonably infer that Defendants are
22 liable for the alleged misconduct. *See Iqbal*, 129 S. Ct. at 1949. Accordingly, the Court dismisses
23 this claim.
24 /
25 /
26 /

5

**2.     Declaratory and Injunctive Relief**

Because the Court has dismissed Kwok's claim for tortious breach of the implied duty of good faith and fair dealing, she is not entitled to injunctive or declaratory relief on this claim. The Court therefore dismisses her petition for declaratory and injunctive relief.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#7) is GRANTED as to Kwok's fourth claim for tortious breach of the implied duty of good faith and fair dealing and the availability of declaratory and injunctive relief thereto.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File an Amended Motion to Dismiss (#32) is DENIED.

Dated: June 23, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**