UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CONNIE KWOK,<br><br>    Plaintiff,<br><br>    vs.<br><br>RECONTRUST COMPANY, N.A.; BANK OF AMERICA; BAC HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>    Defendants. | Case No.: 2:09-cv-2298-RLH-LRL<br><br>**O R D E R**<br><br>(Motion for Emergency Ex Parte Temporary Restraining Order–#37) |

Before the Court is Plaintiff Connie Kwok's *ex parte* **Emergency Motion for Temporary Restraining Order** ("TRO") (#37), filed September 28, 2010.

**BACKGROUND**

This dispute arises from Kwok's allegations that her mortgage lenders committed illegal acts and are now attempting to wrongfully foreclose upon her property located at 8466 Willow Mist Drive in Las Vegas, Nevada. (Dkt. #1, Pet. for Removal Ex. A., Compl.) After Kwok defaulted on her mortgage loan in February 2009, Defendants instituted foreclosure proceedings on the property.

1

1    On October 21, 2009, Kwok filed suit against Defendants in the Eighth Judicial
2 District Court of the State of Nevada alleging: (1) misrepresentation and fraud by omission, (2)
3 quiet title, (3) contractual breach of duty of good faith and fair dealing, (4) tortious breach of duty
4 of good faith and fair dealing, (5) civil conspiracy, (6) civil RICO and racketeering, (7) unjust
5 enrichment, (8) conspiracy to commit fraud related to the MERS system, (9) fraud by obtaining
6 signature by false pretenses, (10) injunctive relief, and (11) declaratory relief.  In December 2009,
7 Defendants removed the lawsuit to this Court and filed a Motion to Dismiss (#7) for failure to state
8 a claim upon which relief can be granted.

9    In late 2009, the United States Judicial Panel on Multi-District Litigation ("Panel")
10 consolidated numerous cases in which plaintiffs allege that MERS engaged in improper business
11 practices when processing home loans.  *In re: MERS Litigation*, MDL No. 09-2119-JAT ("MERS
12 MDL").  The Panel assigned Judge Teilborg in the District of Arizona to oversee the MERS MDL.
13 The Panel later add numerous cases from the District of Nevada to the MERS MDL, including the
14 case at bar, but only as to those individual claims that "relate to the formation and/or operation of
15 MERS."  *Id.*  The Panel further indicated that Judge Teilborg would separate and remand any
16 unrelated claims back to the original district court.  (Dkt. #24, Conditional Transfer Order, Feb.
17 16, 2010.)  In the interim, this Court stayed all proceedings.  (Dkt. #26, Order, Mar. 1, 2010.)  On
18 May 17, 2010, Judge Teilborg remanded Kwok's claim for tortious breach of the implied duty of
19 good faith and fair dealing to this Court.  (Dkt. #28, MDL Order.)  The Court evaluated
20 Defendants' motion to dismiss with regard to that claim and granted the motion.  (Dkt. #33, Order,
21 June 23, 2010.)

22    Kwok's counsel, Jeffrey D. Conway, has now filed an emergency *ex parte* TRO
23 motion in an attempt to prevent a non-judicial foreclosure sale scheduled for September 28,
24 2010—the same day he filed this motion.  (Dkt. 37, Pl.'s Mot. ¶ 2.)  For the reasons given below,
25 the Court denies Kwok's TRO motion and further orders Mr. Conway to show cause as to why the
26 Court should not impose sanctions for filing spurious and unfounded motions.

**DISCUSSION**

**I.     TRO Motion**

Under Rule 65(b) of the Federal Rules of Civil Procedure, plaintiffs seeking a temporary restraining order must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). Applying *Winter*, the Ninth Circuit has since held that, to the extent previous cases suggested a lesser standard, "they are no longer controlling, or even viable." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Thus, a party must satisfy each of these four requirements.

**A.     Ex Parte Relief**

Rule 7-5 of the Local Rules of Practice states, "[a]ll *ex parte* motions applications or requests shall contain a statement showing good cause why the matter was submitted to the court without notice to all parties, [and] [a]ll *ex parte* matters shall state the efforts made to obtain a stipulation and why a stipulation was not obtained." Furthermore, the standard for obtaining *ex parte* relief under Rule 65 is very stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The Court will only issue an *ex parte* TRO where it appears there would be an irreparable injury before the responding party can be heard. Fed. R. Civ. P. 65(b)(1)(A). In reality, a TRO is a temporary preliminary injunction issued for a limited period of time until the time when the opposing party has an opportunity to be heard. Rule 65's stringent restrictions on *ex parte* relief "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974).

In this case, Kwok has had ample time—over eight months—to notify Defendants of a request for injunctive relief and give them an opportunity to be heard before the Court. Mr.

1   Conway states, "Plaintiff has given notice of this Motion to Recontrust Company N.A., purported
2   trustee, and acted diligently in this matter." (Dkt. #37, Mot. ¶ 17.) This conclusory statement does
3   not satisfy Local Rule 7-5(a)'s requirement for a statement "*showing good cause why* the matter
4   was submitted to the court without notice to *all parties*" (emphasis added) because it fails to state
5   the reason for the *ex parte* filing or list each Defendant. The Court cannot infer good cause or
6   notice to all parties from this statement. In addition, Mr. Conway fails to show any efforts to
7   obtain a stipulation pursuant to Local Rule 7-5(b) by stating Plaintiff has "acted diligently." The
8   Court notes that diligent litigants and their counsel do not fail to comply with the Federal Rules of
9   Civil Procedure or the Local Rules of Practice. Accordingly, the Court finds that Plaintiff has not
10  met his burden in submitting the motion under *ex parte* seal. The Court therefore orders the Clerk
11  of the Court to unseal the documents.

12              **B.      Likelihood of Success on the Merits**

13              Mr. Conway argues that "an ever-expanding body of case law establish[es] that a
14  party cannot foreclose without being able to establish, by copies of note transfers, that it is in fact
15  the holder in due course of the underlying note." (Dkt. #37, Mot. ¶ 3.) Specifically, Mr. Conway
16  states that cases from California, Maine, and Arkansas (among others) support his position that
17  Defendants must show Kwok they are the current holders of Kwok's note as a prerequisite to
18  foreclosure. (*Id.* ¶ 8.) This argument presents two serious problems. First, as all capable
19  attorneys know, the Court is not bound by state court or bankruptcy cases from California, Maine,
20  Arkansas, or any other state. Perhaps if these cases interpreted Nevada foreclosure law, which
21  governs Plaintiffs' property, the Court could assess their persuasive value. However, the cases Mr.
22  Conway cites do not interpret Nevada law. Second, and more importantly, the ever-expanding
23  body of case law within this district holds that the Nevada law governing nonjudicial foreclosure,
24  NRS § 107.080, does not require a lender to produce the original note as a prerequisite to
25  /
26  /

1   nonjudicial foreclosure proceedings.  *See Weingartner v. Chase Home Finance, LLC*, 702

2   F.Supp.2d 1276, 1280 (D. Nev. 2010).[1]

3      Mr. Conway incorrectly argues that *Mortgage Electronic Registration Systems, Inc.*

4   *v. Chong* supports his argument that "'MERS' had no standing as a creditor to pursue its claim

5   against the property, due to inability to show a valid chain of title on transfers of the Note" (Dkt.

6   #37, Mot. ¶ 8).  *Chong*, No. 2:09-cv-00661-KJD-LRL, 2009 WL 6524286 (D. Nev. Dec. 4, 2009).

7   Mr. Conway misinterprets the court's distinction between standing to lift an automatic stay in a

8   bankruptcy proceeding and statutory authority to commence nonjudicial foreclosure proceedings.

9   In *Chong*, the court noted that under the Federal Rules of Bankruptcy Procedure and Local Rules,

10  "MERS must at least provide evidence of its alleged agency relationship with the real party in

11  interest in order to have standing to seek relief from stay." *Id.* (quoting *In re Jacobson,* 402 B.R.

12  359, 366 n.7 (Bankr. W.D. Wash. 2009) (internal quote omitted)); *see also, In re Mitchell*, 423

13  B.R. 914, 916 (D. Nev. 2009).  On the other hand, in cases such as *Weingartner* where

14  homeowners bring suit against their lenders and related entities, the Court has consistently held

15  that NRS § 107.080 does not require MERS or any other similar entity to show it is the real party

16  in interest to pursue nonjudicial foreclosure actions.  *See,* cases cited *supra* n.1.  The weight of

17  authority in this district clearly debunks this oftrepeated claim.  Kwok has therefore failed to carry

18  her burden of showing she is likely to succeed in this action.  Accordingly, the Court denies

19  Kwok's TRO Motion.

20  /

21  /

22  /

---

[1] *See also, Birkland v. Silver State Fin. Services, Inc.*, No. 2:10-cv-00035-KJD-LRL, 2010 WL 3419372 (D. Nev. Aug. 25, 2010); *Moon v. Countrywide Home Loans, Inc.*, No. 3:09-cv-00298-ECR-VPC, 2010 WL 522753 (D. Nev. Feb. 9, 2010); *Gomez v. Countrywide Bank, FSB.*, No. 2:09-cv-01489-RCJ-LRL, 2009 WL 3617650 (D. Nev. Oct.26, 2009), *Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241 (D. Nev. Jan. 22, 2009); *Wayne v. HomEq Servicing, Inc.*, No. 2:08-cv-00781 RCJ-LRL, 2008 WL 4642595 (D. Nev. Oct. 16, 2008).

AO 72
(Rev. 8/82)

## II. Order to Show Cause

It has come to the Court's attention that Mr. Conway has filed spurious and unfounded motions in several cases before this Court. Each case is a mortgage foreclosure case where Mr. Conway has filed nearly identical *ex parte* TRO motions.[2] Not one of these motions complied with Rule 65(b) of the Federal Rules of Civil Procedure or Rule 7-5 of the Local Rules for *ex parte* filings. Furthermore, in three of these cases, Mr. Conway filed a second motion with the same defects. *Elgrichi*, 2:10-cv-00673-LDG-PAL (Dkt. #5, June 8, 2010; Dkt. #7, Aug. 31, 2010); *Ritter*, 2:10-cv-00634-RLH-RJJ (Dkt. #5, June 3, 2010; Dkt. #19, Sept. 21, 2010); *Shelly*, 2:10-cv-00518-RLH-PAL (Dkt. #6, July 27, 2010; Dkt. #14, Aug. 25, 2010). In fact, the Court doubts that Mr. Conway bothered to read its latest Order in *Ritter* (Dkt. #20, Sept. 24, 2010) because the instant motion repeats the same erroneous arguments verbatim. These redundant and baseless motions fail to uphold the principles of good faith and objective reasonableness set forth in Rule 11.

Mr. Conway's willful submission of spurious motions and failure to comply with the Federal Rules of Civil Procedure and Local Rules constitute abusive litigation practices that have interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Failure to comply with the Local Rules of Practice, the Federal Rules of Civil Procedure, and the Court's orders may result in sanctions, up to and including case-dispositive sanctions. Fed. R. Civ. P. 41(b) (involuntary dismissal

---

[2] Mots. for *Ex Parte* TRO: *Whalen v. Mortgage Elec. Registration Sys. et al*, 2:09-cv-02081-GMN-LRL (Dkt. #33, Mar. 10, 2010); *De La Rosa et al v. Countrywide Home Loans, Inc. et al*, 2:10-cv-00021-LDG-RJJ (Dkt. #20, Mar. 21, 2010); *Robins et al v. The Wolf Firm, et al*, 2:10-cv-00424-RLH-PAL (Dkt. #4, April 8, 2010); *Elgrichi et al v. Mortgage Elec. Registration Sys., Inc. et al*, 2:10-cv-00673-LDG-PAL (Dkt. #5, June 8, 2010; Dkt. #7, Aug. 31, 2010); *Palacios, Jr. et al v. Indymac Fed. Bank FSB et al*, 2:09-cv-02163-PMP-LRL (Dkt. #25, July 1, 2010); *Ritter et al v. Countrywide Home Loans, Inc. et al*, 2:10-cv-00634-RLH-RJJ (Dkt. #5, June 3, 2010; Dkt. #19, Sept. 21, 2010); *Shelly v. Nat'l Default Serv. Corp. et al*, 2:10-cv-00518-RLH-PAL (Dkt. #6, July 27, 2010; Dkt. #14, Aug. 25, 2010).

AO 72
(Rev. 8/82)

appropriate where a plaintiff fails to prosecute case).  Therefore, Mr. Conway shall show cause, in writing, **no later than 4:00 p.m. on October 14, 2010**.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Emergency Ex Parte Motion for Temporary and Permanent Restraining Order (#37) is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall unseal this motion as Plaintiffs have failed to comply with the *ex parte* requirements of Local Rule 7-5.

IT IS FURTHER ORDERED that Mr. Jeffrey D. Conway shall show cause, in writing, **no later than 4:00 p.m. on October 14, 2010**, why sanctions should not be imposed for the conduct described within this Order.  Failure to comply with this Order may prompt the Court to impose sanctions—including case-dispositive sanctions.

Dated: September 29, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**