# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CONNIE KWOK, | Case No.: 2:09-cv-2298-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Emergency Motion Requesting Set Aside Order–#43) |
| RECONTRUST COMPANY, N.A.; BANK OF AMERICA; BAC HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Defendants. | |

Before the Court is Jeffrey D. Conway, Esq.'s **Emergency Motion Requesting Set Aside of Order** (#43), filed December 15, 2010.

## BACKGROUND

On September 30, 2010, the Court ordered Mr. Conway to show cause as to why the Court should not impose sanctions. (Dkt. #38, Order to Show Cause.) The order gave Mr. Conway until October 14, 2010, to show cause in writing as to why sanctions should not be imposed. Nevertheless, he failed to do so. The Court then gave Mr. Conway notice to appear in person on November 16, 2010, at 10:00 AM to show cause. (Dkt. #39, Notice of Hr'g, Nov. 5,

AO 72
(Rev. 8/82)

2010.) However, Mr. Conway failed to appear for the hearing. (Dkt. #40, Hr'g Mins., Nov. 16, 2010.) Having failed to appear or otherwise respond in writing as ordered, the Court finally sanctioned Mr. Conway on November 19, 2010. (Dkt. #41, Sanctions Order.) The Court ordered that Mr. Conway:

- Remit a monetary sanction in the amount of $3,000.00 to the Clerk of the Court *no later than December 15, 2010*;
- Refrain from seeking reimbursement or any other type of compensation from his client, Plaintiff Connie Kwok, with regard to these sanctions or the Order to Show Cause (#38);
- Refrain from filing any pleading or motion to the Court wherein he argues that Nevada law requires a defendant to produce the original note or prove its status as a real party in interest, holder in due course, current holder of the note, nominee of the current holder of the note, or any other synonymous status as a prerequisite to nonjudicial foreclosure proceedings;
- Comply with Rule 7-5 of the Local Rules of Practice and Rule 65 of the Federal Rules of Civil Procedure for *ex parte* TRO motions;
- Submit a copy of this Court's Order imposing sanctions to all his clients who have or will challenge foreclosures, *no later than December 15, 2010*, and then certify to the Court that he has complied no later than December 20, 2010.

(*Id.* 8 (emphasis added).)

In his Emergency Motion Requesting Set Aside of Order (#43), Mr. Conway now asks the Court to withdraw the Sanctions Order. Mr. Conway filed the motion on December 15, 2010—the deadline by which the Court ordered counsel to remit $3,000.00 in monetary sanctions and submit a copy of the Court's order to his foreclosure clients. For the reasons discussed below and in the Order to Show Cause, the Court denies Mr. Conway's motion.

## DISCUSSION

Mr. Conway asks the Court to set aside the sanctions because of a computer problem and because his assistant failed to properly notify him of the November 16 hearing. He further informs the Court that his assistant was "going through a lot of personal problems." (Dkt. #43, Mot. 2.) Finally, Mr. Conway cursorily states that he is not in a position to pay the monetary sanctions because he has many dependants and has suffered two recent heart attacks.

The Court gave Mr. Conway more than one opportunity to show cause for his conduct, all to no avail. Although the Court is sympathetic to litigants and counsel who encounter

1  unexpected difficulties, the Court does not look favorably upon counsel who blame their support
2  staff for serious errors and fail to take responsibility for shortcomings within their legal practice.
3  As a licensed attorney, Mr. Conway alone is responsible for being properly informed about the
4  status of his cases.  The Court is unwilling to allow counsel to ignore their ethical obligation and,
5  by doing so, hurt the very clients they are retained to help.  Consequently, the Court denies Mr.
6  Conway's motion and resets the applicable deadlines as stated below.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Jeffrey D. Conway's Emergency Motion Requesting Set Aside of Order (#43) is DENIED.

IT IS FURTHER ORDERED that Mr. Conway comply with the sanctions imposed within the November 19, 2010 Order (#41) no later than January 18, 2011, and then certify to the Court that he has complied no later than January 21, 2011.

Dated: December 17, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**