# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CONNIE KWOK, | Case No.: 2:09-cv-2298-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Stay Order Pending Appeal–#46) |
| RECONTRUST COMPANY, N.A.; BANK OF AMERICA; BAC HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Defendants. | |

Before the Court is attorney Jeffrey D. Conway's **Motion to Stay Order Pending Appeal** (#46), filed January 25, 2011.

### BACKGROUND

Mr. Conway has filed the instant motion to forestall compliance with the Court's Order (Dkt. #41, Nov. 19, 2010 ("Sanctions Order")) pending his appeal to the Ninth Circuit. The Court directs the reader to its previous orders and hearing minutes (Dkt. #38, Order, Sept. 30, 2010; Dkt. #40, Hr'g Mins., Nov. 16, 2010; Dkt. #41, Sanctions Order; Dkt. #44, Order, Dec. 17, 2010; ) for a detailed account of this dispute, Conway's conduct, and the Court's corresponding Sanctions Order.

In early 2010, this case was assigned to multi-district litigation along with numerous other cases. *In re: MERS Litigation*, MDL No. 09-2119-JAT. Upon remand, the Court dismissed Plaintiffs' remaining causes of action. (Dkt. #33, Order, June 23, 2010.) The case was effectively closed. Nevertheless, Conway filed a frivolous Emergency Motion for Temporary Restraining Order (#37), which initiated a chain of events that eventually led to sanctions.

In its Sanctions Order, the Court imposed sanctions and also directed the Clerk of the Court to close the case because "all remaining claims are now pending adjudication by the MERS MDL." Conway filed a Motion to Set Aside (#42) asking the Court to reconsider the Sanctions Order. The Court denied the motion but gave Conway an additional month to comply (by Jan. 18, 2011) with the monetary and other sanctions. (Dkt. #44, Order, Dec. 17, 2010.) On January 25, 2011—over 60 days after the case was closed and several days after the extended deadlines, Conway filed a Notice of Appeal (#45) as to the Sanctions Order and the instant motion to stay the sanctions pending appeal. For the reasons discussed below, the Court denies the motion.

**DISCUSSION**

The grant of a stay pending appeal is "an exercise of judicial discretion" and "the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 129 S.Ct. 1749, 1760–61 (2009) (citing *Virginian R. Co. v. U.S.*, 272 U.S. 658, 672–73 (1926)); *see also Clinton v. Jones*, 520 U.S. 681, 708 (1997). In determining whether a stay pending appeal is warranted, the Court considers four factors: "(1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 129 S.Ct. at 1761 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *Golden Gate Rest. Ass'n v. City and Cnty. of S.F.*, 512 F.3d 1112, 1115–16 (9th Cir. 2008). The Supreme Court has found that the first two factors are the most critical in evaluating whether a stay should

1  be granted. *Nken*, 129 S.Ct. at 1761. Under the first factor, the burden is on the party moving for
2  a stay to demonstrate a "strong likelihood of success on the merits." *Id.*; *Golden Gate Rest. Ass'n*,
3  512 F.3d at 1115-16 (citing *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.1983)).

4      Conway does not present the Court with any points and authorities in support of his
5  motion. However, in an *ex parte* letter to chambers, Conway describes numerous personal
6  hardships which have rendered him unable to pay the monetary sanctions. (Dkt. #50, Jan. 26,
7  2011.) The Court finds that Conway's alleged personal hardships do not demonstrate a strong
8  likelihood of success on the merits of his appeal. That is, Conway does not challenge the legal
9  standard upon which the Court relied to impose sanctions nor does he argue that the Court's
10 factual findings or decisions were an abuse of discretion. Moreover, the timing of Conway's
11 notice of appeal shows a strong likelihood that his appeal will be denied. The Federal Rules of
12 Appellate Procedure state that a notice of appeal in a civil case must be filed "within 30 days after
13 the judgment or order appealed from is entered." Fed. R. App. Pro. 4(a)(1)(A). Conway did not
14 file his appeal until over 60 days after the Court issued the Sanctions Order, which also closed the
15 case. Therefore, Conway has not met his burden of showing that the circumstances justify an
16 exercise of the Court's discretion to grant a stay pending appeal. Accordingly, the Court denies
17 Conway's motion.

## CONCLUSION

19     Accordingly, and for good cause appearing,
20     IT IS HEREBY ORDERED that Conway's Motion to Stay Order Pending Appeal
21 (#46) is DENIED.

22     Dated: January 27, 2011

                                                            _____
                                                             ROGER L. HUNT
                                                             Chief United States District Judge

AO 72
(Rev. 8/82)